1
2
3
4
5
6
7

Judge Settle

8
9

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10
11
12
13
14
15
16

STEAKHOUSE SEATTLE, LLC and JAMES
NATIONS,

                     Plaintiffs,

      v.

UNITED STATES,

                     Defendant.

CASE NO.  C18-5751-RHS

**ANSWER**

17
18
19
20

     Defendant United States of America, by its attorneys, Annette L. Hayes, United States

Attorney, and Brian C. Kipnis, Assistant United States Attorney, for the Western District of

Washington, answer the complaint filed herein by Plaintiffs Steakhouse Seattle, LLC and James

Nations, as follows:

21
22

     In response to the numbered paragraphs of the complaint, Defendant admits, denies, or

otherwise avers as follows:

23
24
25

     1.1.    With respect to the allegations in Paragraph 1.1, Defendant admits that Steakhouse

Seattle, LLC and James Nations are the named Plaintiffs in this lawsuit and that they have filed a

complaint against the United States.  The remaining allegations require no response.

26
27
28

     1.2.    The allegations in Paragraph 1.2 consist of Plaintiffs' request for judicial review of

the Food and Nutrition Service's ("FNS's") Final Agency Decision and therefore require no

response.

2.1.    Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2.1 and, on that basis, denies all such allegations.

2.2.    The allegations in Paragraph 2.2 consist of a legal conclusion and require no response.  Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2.2 and, on that basis, denies all such allegations.

2.3.    Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2.3 and, on that basis, denies all such allegations.

2.4.    Defendant admits the allegations in Paragraph 2.4.

2.5.    Defendant admits the allegations in Paragraph 2.5.

2.6.    Defendant admits the allegations in Paragraph 2.6.

2.7.    With respect to the allegations in the first sentence of Paragraph 2.7, Defendant admits that the Supplemental Nutrition Assistance Program ("SNAP") was formerly known as the food stamp program.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 2.7 of the complaint.

2.8.    Defendant admits paragraph 2.8 of the complaint to the extent the allegation is consistent with the fundamental purpose of 7 U.S.C. § 2011, and denies the allegation to the extent it is inconsistent with the fundamental purpose of 7 U.S.C. § 2011.

2.9.    Defendant admits the allegations in Paragraph 2.9.

3.1.    Paragraph 3.1 of the complaint does not allege litigative facts but instead contains only a conclusion of law as to subject matter jurisdiction, as to which no response is required.  To the extent a response is required, Defendant denies the allegation.

3.2.    Paragraph 3.2 of the complaint does not allege litigative facts but instead contains only a conclusion of law as to the availability of declaratory and other relief, as to which no response is required.  To the extent a response is required, Defendant denies the allegation.

3.3.    Defendant admits that the United States District Court for the Western District of Washington is a proper venue for the claim asserted by Plaintiffs in their complaint.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 3.3 of the complaint.

ANSWER - 2
(Case No. C18-5751-BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

3.4.     Paragraph 3.4 of the complaint does not allege litigative facts but instead contains only a conclusion of law as to exhaustion of administrative remedies, as to which no response is required.  To the extent a response is required, Defendant denies the allegation.

4.1.     Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4.1 and, on that basis, denies all such allegations.

4.2.     Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4.2 and, on that basis, denies all such allegations.

4.3.     Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4.3 and, on that basis, denies all such allegations.

4.4.      Defendant denies the allegations in the first sentence of Paragraph 4.4.   Defendant admits the allegations in the second sentence of Paragraph 4.4.

4.5.     With respect to the allegations in Paragraph 4.5, Defendant admits that Steakhouse Seattle was an authorized as a SNAP Delivery Route from October 28, 2010, until January 25, 2018. Defendant denies the remaining allegations in Paragraph 4.5.

4.6.     Defendant admits the allegations in Paragraph 4.6.

4.7.     Defendant admits the allegation to the extent that it is consistent with what is contained in the August 28, 2013 Charge Letter, and denies the allegation to the extent that it is inconsistent with what is contained in the August 28, 2013 Charge Letter.

4.8.     Defendant admits the allegation to the extent that it is consistent with what is contained in the August 28, 2013 Charge Letter, and denies the allegation to the extent that it is inconsistent with what is contained in the August 28, 2013 Charge Letter.

4.9.     With respect to the allegations in Paragraph 4.9, Defendant admits that FNS issued the August 28, 2013 Charge Letter more than 17 months after March 22, 2012.

4.10     With respect to the allegations in Paragraph 4.10, Defendant admits that Steakhouse Seattle submitted a request under the Freedom of Information Act ("FOIA") on September 4, 2013. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations regarding why they filed the request and, on that basis, denies the allegations. Insofar as the remaining allegations in Paragraph 4.10 purport to characterize and/or describe the

ANSWER - 3
(Case No. C18-5751-BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

content of the FOIA request, Defendant admits the allegations to the extent that they are consistent with what is contained in the FOIA request, and denies the allegations to the extent that they are inconsistent with what is contained in the FOIA request.

4.11.   Defendant admits the allegation to the extent that it is consistent with FNS policy, and denies the allegation to the extent that it is inconsistent with FNS policy.

4.12.   With respect to the allegations in Paragraph 4.12, Defendant admits that proceedings related to the Charge Letter were held in abeyance from September 4, 2013, until January 25, 2018. Except as expressly admitted, Defendant denies each and every allegation of Paragraph 4.12.

4.13    Defendant admits the allegations in Paragraph 4.13.

4.14.   Defendant admits the allegations in Paragraph 4.14 to the extent that they are consistent with Plaintiff Steakhouse Seattle's response to the August 28, 2013 Charge Letter and supporting documentation, and denies the allegations to the extent that they are inconsistent with the August 28, 2013 Charge Letter and supporting documentation.

4.15.   Defendant admits that FNS Section Chief Jocelyn Keh issued a letter to Plaintiff Steakhouse Seattle on January 24, 2018.  The remaining allegations in Paragraph 4.15 purport to characterize and/or describe the content of that letter.  Defendant admits the remaining allegations in Paragraph 4.15 to the extent that they are consistent with FNS Section Chief Jocelyn Keh's letter issued to Plaintiff Steakhouse Seattle on January 24, 2018, and denies the allegations to the extent that they are inconsistent with FNS Section Chief Jocelyn Keh's letter issued to Plaintiff Steakhouse Seattle on January 24, 2018.

4.16.   Defendant admits the allegations in Paragraph 4.16 to the extent that they are consistent with FNS Section Chief Jocelyn Keh's letter issued to Plaintiff Steakhouse Seattle on January 24, 2018, and denies the allegations to the extent that they are inconsistent with FNS Section Chief Jocelyn Keh's letter issued to Plaintiff Steakhouse Seattle on January 24, 2018.

4.17.   With respect to the allegations in Paragraph 4.17, Defendant admits that Steakhouse Seattle's attorney, Stewart Fried, submitted a letter to Shanta Swezy dated February 1, 2018, and that Ms. Swezy is the Chief of FNS's Administrative Review Branch.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 4.17.

4.18.    Defendant denies the allegations in Paragraph 4.18.

4.19.    Defendant admits the allegations in Paragraph 4.19 to the extent that they are consistent with 7 C.F.R. § 271.2, and denies the allegations to the extent that they are inconsistent with 7 C.F.R. § 271.2.

4.20.    Defendant admits the allegations in Paragraph 4.20 to the extent that they are consistent with 7 C.F.R. § 278.6(e)(1), and denies the allegations to the extent that they are inconsistent with 7 C.F.R. § 278.6(e)(1).

4.21.    Defendant admits the allegations in Paragraph 4.21 to the extent that they are consistent with 7 C.F.R. § 278.1(b)(3), and denies the allegations to the extent that they are inconsistent with 7 C.F.R. § 278.1(b)(3).

4.22.    Defendant denies the allegations in Paragraph 4.22.

4.23.    With respect to the allegations in Paragraph 4.23, Defendant admits that FNS places owners of retail food stores that are permanently disqualified from SNAP on the General Services Administration's System for Award Management.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 4.23.

4.24.    Defendant denies the allegations in Paragraph 4.24.

4.25.    Defendant denies the allegations in Paragraph 4.25.

4.26.    Defendant admits the allegations in Paragraph 4.26.

4.27.    Defendant admits the allegations in Paragraph 4.27 to the extent that they are consistent with the Final Agency Decision, and denies the allegations to the extent that they are inconsistent with the Final Agency Decision.

4.28.    Defendant admits the allegations in Paragraph 4.28.

4.29.    Defendant admits the allegations in Paragraph 4.29, and the first sentence of footnote 1 to the extent that they are consistent with the Final Agency Decision, and denies the allegations to the extent that they are inconsistent with the Final Agency Decision.  Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of footnote 1 and, on that basis, denies them.

4.30.    Defendant admits the allegations in Paragraph 4.30.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

4.31.   Defendant admits the allegations in Paragraph 4.31 to the extent that they are consistent with the Final Agency Decision, and denies the allegations to the extent that they are inconsistent with the Final Agency Decision.

4.32.   Defendant admits the allegations in Paragraph 4.32 to the extent that they are consistent with the Final Agency Decision, and denies the allegations to the extent that they are inconsistent with the Final Agency Decision.

4.33.   Defendant denies the allegations in Paragraph 4.33.

4.34.   Defendant admits the allegations in Paragraph 4.34 to the extent that they are consistent with the Final Agency Decision, and denies the allegations to the extent that they are inconsistent with the Final Agency Decision.

4.35.   With respect to the allegations in Paragraph 4.35, Defendant admits that on March 22, 2012, Brandon English sold a case of steak to a person who he believed to be a SNAP beneficiary in the parking lot of a Target store located in Tacoma, Washington and that Mr. English accepted $250.01 in SNAP benefits from the individual.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 4.35.

4.36.   Defendant denies the allegations in Paragraph 4.36.

4.37.   Defendant admits the allegations in Paragraph 4.37.

4.38.   Defendant admits the allegations in Paragraph 4.38.

4.39.   Defendant denies the allegations in Paragraph 4.39.

4.40.   Defendant denies the allegations in Paragraph 4.40.

4.41.   Defendant denies the allegations in Paragraph 4.41.

4.42.   Defendant denies the allegations in Paragraph 4.42.

4.43.   Defendant denies the allegations in Paragraph 4.43.

4.44.   Defendant denies the allegations in Paragraph 4.44.

4.45.   Defendant denies the allegations in Paragraph 4.45.

4.46.   Defendant admits the allegations in Paragraph 4.46 to the extent that they are consistent with Seattle Steakhouse's policies, and denies the allegations to the extent that they are inconsistent with Seattle Steakhouse's policies.

ANSWER - 6
(Case No. C18-5751-BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1    4.47.   Defendant denies the allegations in Paragraph 4.47.

2    4.48.   Defendant denies the allegations in Paragraph 4.48.

3    4.49.   Defendant denies the allegations in Paragraph 4.49.

4    4.50.   Defendant denies the allegations in Paragraph 4.50.

5    5.1.   By this reference, Defendant hereby incorporates each of its responses to all

6 preceding paragraphs.

7    5.2.   Defendant denies the allegations in Paragraph 5.2.

8    5.3.   Defendant denies the allegations in Paragraph 5.3.

9    5.4.   Defendant denies the allegations in Paragraph 5.4.

10   5.5.   Defendant denies the allegations in Paragraph 5.5.

11   5.6.   Defendant denies the allegations in Paragraph 5.6.

12   5.7.   Defendant denies the allegations in Paragraph 5.7.

13   5.8.   Defendant denies the allegations in Paragraph 5.8.

14   5.9.   Defendant denies the allegations in Paragraph 5.9.

15   5.10.   Defendant denies the allegations in Paragraph 5.10.

16   5.11.   Defendant denies the allegations in Paragraph 5.11.

17   5.12.   Defendant denies the allegations in Paragraph 5.12.

18   5.13.   Defendant denies the allegations in Paragraph 5.13.

19   5.14.   Defendant denies the allegations in Paragraph 5.14.

20   5.15.   Defendant denies the allegations in Paragraph 5.15.

21   5.16.   Defendant denies the allegations in Paragraph 5.16.

22   5.17.   Defendant denies the allegations in Paragraph 5.17.

23   5.18.   Defendant denies the allegations in Paragraph 5.18.

24   5.19.   Defendant denies the allegations in Paragraph 5.19.

25   5.20.   Defendant denies the allegations in Paragraph 5.20.

26   5.21.   Defendant denies the allegations in Paragraph 5.21.

27   5.22.   Defendant denies the allegations in Paragraph 5.22.

28   5.23.   Defendant denies the allegations in Paragraph 5.23.

ANSWER - 7
(Case No. C18-5751-BHS)

5.24.    Defendant denies the allegations in Paragraph 5.24.

5.25.    Defendant denies the allegations in Paragraph 5.25.

5.26.    Defendant denies the allegations in Paragraph 5.26.

5.27.    Defendant denies the allegations in Paragraph 5.27.

5.28.    Defendant denies the allegations in Paragraph 5.28.

5.29    Defendant denies the allegations in Paragraph 5.29.

5.30    Defendant denies the allegations in Paragraph 5.30.

5.31    Defendant denies the allegations in Paragraph 5.31.

5.32    Defendant denies the allegations in Paragraph 5.32.

5.33    Defendant denies the allegations in Paragraph 5.33.

5.34    Defendant denies the allegations in Paragraph 5.34.

5.35    Defendant denies the allegations in Paragraph 5.35.

5.36    The allegations in Paragraph 5.36 consist of Plaintiffs' request for *de novo* review of the Final Agency Decision, which requires no response.  To the extent that a response is required, Defendant denies that Plaintiffs are entitled to *de novo* review of Defendant's final agency action.

5.37    The remaining allegations (Paragraph 5.37(a)-(f)) consist of Plaintiffs' prayer for relief, which requires no response.  To the extent that a response is required, Defendant denies that Plaintiffs are entitled to the relief requested in Paragraph 5.37, or any relief.

WHEREFORE Defendant United States of America prays for judgment as follows:

1.    For an order dismissing Plaintiffs' complaint in its entirety with prejudice;

2.    For an award of Defendant's costs and disbursements incurred in this action;

///
///
///
///
///
///
///

ANSWER - 8
(Case No. C18-5751-BHS)

1      3.      For such other and further relief as the Court may deem just and proper.

2

3      DATED this 23rd day of November, 2018.

4                                        Respectfully submitted,

5                                        ANNETTE L. HAYES
                                         United States Attorney
6

7
                                         *s/ Brian C. Kipnis*
8                                        BRIAN C. KIPNIS
                                         Assistant United States Attorney
9                                        Office of the United States Attorney
                                         5220 United States Courthouse
10                                       700 Stewart Street
                                         Seattle, Washington 98101-1271
11                                       Phone: 206-553-7970
                                         E-mail: brian.kipnis@usdoj.gov
12
                                         Attorneys for Defendant United States of America
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER - 9
(Case No. C18-5751-BHS)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

It is further certified that on November 23, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):

Derrick Anthony De Vera    ddevera@schwabe.com

Stewart D. Fried    sfried@ofwlaw.com

Virginia Rosalie Nicholson    vnicholson@schwabe.com

I further certify that on November 23, 2018, I mailed the foregoing document by United States Postal Service to the following non-CM/ECF participant(s)/CM/ECF participant(s), addressed as follows:

-0-

DATED this 23rd day of November, 2018.

                              s/ Crissy Leininger
                              CRISSY LEININGER
                              Paralegal Specialist
                              United States Attorney's Office
                              700 Stewart Street, Suite 5220
                              Seattle, Washington 98101-1271
                              Phone:  206-553-7970
                              E-mail:  christine.leininger@usdoj.gov

ANSWER - 10
(Case No. C18-5751-BHS)